UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER C. ABBS,

   Plaintiff,

v.

CON-WAY CENTRAL EXPRESS, INC.,

   Defendant.
_____/

CIVIL ACTION NO. 04-60201

DISTRICT JUDGE MARIANNE O. BATTANI

MAGISTRATE JUDGE DONALD A. SCHEER

## REPORT AND RECOMMENDATION

**I.** **RECOMMENDATION**:

I recommend that Plaintiff's Motion to Set Aside Taxed Bill of Costs be denied.

**II.** **REPORT**:

  **A.** **Procedural History**

Plaintiff initiated this action on September 16, 2004. He filed an Amended Complaint on September 17, 2004. Defendant filed an Answer to the First Amended Complaint on October 1, 2004. The parties filed a Joint Discovery Plan on November 1, 2004, and the court entered a Scheduling Order on November 9, 2004.

Plaintiff filed a Second Amended Complaint, pursuant to a Stipulation, on February 10, 2005. Witness Lists were exchanged on February 15, 2005. On February 28, 2005, Defendant filed an Answer to the Second Amended Complaint. Discovery was extended by Stipulation on April 8, 2005.

On June 29, 2005, Defendant filed a Motion for Summary Judgment. Plaintiff's Response to the Motion was filed on August 11, 2005, and Defendant filed a Reply Brief on August 17, 2005. The motion was heard on September 7, 2005, and summary judgment was entered for the Defendant on September 30, 2005.

On October 13, 2005, Defendant filed a Verified Bill of Costs. On October 17, 2005, the Clerk of the Court taxed costs against Plaintiff in the amount of $2,677.57. Plaintiff initiated an appeal of this court's Judgment on October 28, 2005. The Judgment was affirmed by the Sixth Circuit Court of Appeals on October 13, 2006. On December 4, 2006, nearly fourteen months after the taxation of costs by the clerk, Plaintiff filed the instant Motion to Set Aside Taxed Bill of Costs. Defendant filed a Reply (Response) on December 11, 2006, and Plaintiff filed an Objection to the Defendant's Response on December 27, 2006.

### B.     **Applicable Law and Standard of Review**

Fed.R.Civ.P. 54(d) provides for the allowance of costs "as of course" to the prevailing party. Such costs may be taxed by the clerk on one day's notice. "On motion served within five days thereafter, the action of the clerk may be reviewed by the court." Fed.R.Civ.P. 54(d).

28 U.S.C. §1920(2) provides that the judge or clerk of any court of the United States may tax as costs the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . .."

"There is general agreement that the expenses of a deposition may be taxed as costs when it was received in evidence, although even this is not always true. The justification for taxing the expense of a deposition that is introduced in evidence also

supports taxing the expense of a deposition employed on a successful Motion for Summary Judgment." Wright, Miller and Kane, Federal Practice and Procedure: Civil 3rd Section 2676 (citations omitted). See also, Kaimowitz v. Howard, 547 F.Supp. 1345 (E.D. Mich. 1982).

Rule 54.1 of the Local Rules of the United States District Court for the Eastern District of Michigan provides that costs will be taxed by the clerk as provided in the Bill of Costs Handbook available from the Clerk's Office. E.D. Mich. LR 54.1.

**C.  Analysis**

**1.  Timing of Motion**

The commentary to E.D. Mich. LR 54.1 explicitly states that the authority of the clerk to tax costs is found in Fed.R.Civ.P. 54(d). As reflected in the Bill of Costs Handbook, this court has adopted the time limits enunciated in the Federal Rule. "After the taxation clerk has taxed costs, counsel for either side may, within five days, file a motion to review the action of the taxation clerk and request review by the court. Once the court has ruled on the motion filed by any party, and the matter of costs has been determined, those costs are included in the judgment and should be paid directly to the prevailing party." Bill of Costs Handbook, page 1. In the instant case, Deputy Clerk John Purdy taxed costs against the Plaintiff on October 1, 2005. (Docket Entry #40). Plaintiff's Motion to Set Aside Taxed Bill of Costs was not filed until December 4, 2006, more than thirteen months after the expiration of the five day period for objections provided in the Handbook and Fed.R.Civ.P. 54(d). In the absence of circumstances which might toll or extend the objections period, Plaintiff's motion is subject to denial as untimely. Plaintiff maintains that his objections

should be considered because he did not have actual notice of the taxation of costs against him.

Deputy Clerk Purdy affixed a Certificate of Service to his entry of taxed costs. The Certificate reflects that a copy was mailed to Donald M. Thinschmidt, Esq., as counsel of record for Plaintiff. There is nothing in the record to indicate that Mr. Thinschmidt did not receive notice of the taxed costs. In fact, Plaintiff's motion admits that Mr. Purdy sent the Taxation of Costs to his attorney of record. The motion complains that Mr. Thinschmidt failed to inform Plaintiff of the taxable costs prior to the five day deadline for objections.[1] It is a well established principle of civil procedure that service of pleadings and other papers on a party represented by an attorney is made on the attorney. Fed.R.Civ.P. 5(a). Where the facts of service are not in dispute, adequacy of service presents a pure question of law. Rule 5 does not guarantee that a party will personally receive notice, although it is generally presumed that a party's attorney will notify the party of important developments and take appropriate action to protect the party's interests. Service of process must, however, only be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present objections." Jalapeno Property Management, LLC v. Dukas, 265 F.3d 506, 517 (6th Cir. 2001). I am satisfied that Plaintiff here received fully appropriate and adequate notice of the taxed costs, whether or not his attorney actually notified him of their imposition. It is the general rule in federal practice that a party to litigation is bound by the errors and omissions of his retained

---

[1] In fact, Plaintiff's motion is essentially a diatribe directed at his attorney. Similarly, Plaintiff's objection to Defendant's Response to Plaintiff's Motion to Set Aside Costs is, in general, an attack upon the integrity and tactics of defense counsel.

counsel of record.  In Link v. Wabash Railroad, 370 U.S. 626 (1962), the Supreme Court reviewed a case in which the plaintiff's complaint was dismissed due to the failure of his counsel to appear for a pretrial hearing.

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.  Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

370 U.S. at 633-34.  See also Krumholz v. Goff, 315 F.2d 575 (6th Cir. 1963).  "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim."  Whalen v. Randall, 37 Fed. Appx. 113, 120 (6th Cir. 2002) (citing Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)).  Because Plaintiff's objections to the Taxation of Costs were filed more than one year after the deadline for their submission, his objections should be disallowed.[2]

## 2. Substantive Arguments

Even if this court were to overlook the extremely long delay in the submission of Plaintiff's Objections to the Taxation of Costs, I am satisfied that the objections must be overruled on substantive grounds.

---

[2] It should be noted that Plaintiff did prosecute a pro se appeal of this court's judgment.  The Bill of Costs Handbook, however, expressly states that the clerk will tax costs even if a case is appealed, unless a stay pending appeal has been granted by the court.  Plaintiff neither sought nor received a stay as to the imposition of costs.

### a. Plaintiff's Motion to Set Aside Taxed Bill of Costs

Plaintiff's very tardy Motion to Set Aside Taxed Bill of Costs is, as previously stated, is essentially a diatribe against his counsel of record, Mr. Thinschmidt. Plaintiff complains of having been required to pay "several thousand dollars" for depositions that his attorney never used. He further complains that he and his wife were compelled to draft and file pleadings and briefs; that his attorney failed to obtain adequate discovery; and that his attorney stipulated away valid claims. Mr. Abbs asserts that he has prepared a grievance against his former attorney, and that he has counseled with a legal malpractice attorney regarding Mr. Thinschmidt's performance. None of those factors, however, should deprive Defendant, as a prevailing party, of an award of reasonable costs. Rather, Plaintiff should include the taxed costs as an element of damages in connection with his malpractice claim. Whalen v. Randall, 37 Fed.Appx. 113, 120 (6th Cir. 2002).

### b. Objections to Defendant's Response

Plaintiff's Objections to Defendant's Response to Plaintiff's Motion to Set Aside Costs is, for the most part, an attack upon counsel for the Defendant. Defendant's lawyer is accused of improperly framing the issues in a Motion to Dismiss; increasing Plaintiff's expenses in connection with depositions by failing to schedule a court reporter, resulting in a two hour delay; and misstating facts in presentations to the court. I find those complaints to be unsupported in Plaintiff's submissions. Generally speaking, a party or his counsel may formulate the issues presented in their motions as they see fit, and may also argue the facts of the case in the light most favorable to a client, short of outright misrepresentation. A two hour delay in the commencement of a deposition undoubtedly

inconveniences all involved, but is not so great an offense as to deprive a prevailing party of its reasonable costs. Defendant here seeks costs only as to three depositions. The deponents were: Plaintiff (who testified in two separate sessions), R. Pogliano and D. Feasel. Plaintiff's complaints regarding other aspects of the case should not affect defendant's entitlement to the reasonable costs related to necessary depositions. Accordingly, I will address only the arguments directed to the adequacy of the Bill of Costs regarding those proceedings.

Initially, Plaintiff argues that Defendant failed to submit an Affidavit stating that the services for which costs are sought were actually and necessarily performed. He claims "a good faith belief" that the services for which Defendant seeks reimbursement "were not actually and <u>necessarily performed</u> for use in this case." (Emphasis in original). Neither argument is persuasive. The Bill of Costs submitted by Defendant includes a Declaration under penalty of perjury that the costs claimed are correct and were necessarily incurred in connection with the litigation. I am persuaded that the electronic submission of the form bearing such language is sufficient to fulfil the requirement of a supporting affidavit.[3] The amounts expended in connection with the depositions are confirmed by copies of the court

---

[3] The Bill of Costs form appearing as document 39 in the record of this case bears only the typed name of F.R. Damm on the line designated for signature. The Certificate of Service reflects that the document was filed electronically, and also bears a typewritten signature, which is customary in an electronic filing. I am satisfied that the submission of the Bill of Costs using the EMECF system is sufficient to expose the submitting party to the penalties for perjury in the event of a misrepresentation. The docket sheet, however, reflects a defect in the signature on the form, although no explanation of the defect appears. As the expenses for which reimbursement is sought are adequately documented, and the transcripts were used to support the Defendant's Motion for Summary Judgment, I conclude that the requirements of Fed.R.Civ.P. 54(d) and the Bill of Costs Handbook are met.

reporter's invoices (with appropriate deductions of non-reimbursable amounts) and a copy of a check for witness fees tendered to witness Feasel. I am satisfied that the form of Defendant's submission satisfies the requirements of the Handbook and of Fed.R.Civ.P. 54(d).

Plaintiff's assertion that the three depositions for which costs are sought were not necessarily performed for use in this case is also unpersuasive. It is generally accepted that taxation of deposition costs is authorized by 28 U.S.C. §1920 where a transcript is necessarily obtained for use in a case. E.E.O.C. v. W&O, Inc., 213 F.3d 609 (11th Cir. 2000). Transcripts need not be absolutely indispensable in order to provide the basis of an award of costs. It is enough that they are reasonably necessary. Sanglap v. LaSalle Bank, FSB, 194 F.Supp. 2nd 798 (N.D. Ill. 2002), aff'd, 345 F.3d 515 (7th Cir. 2003). This court's Bill of Costs Handbook specifically provides for recovery of the fees of a court reporter for all or any part of a transcript necessarily obtained for use in the case. Specifically listed as a taxable expense is the cost of a transcript used in support of a motion. Bill of Costs Handbook, Section II(B)(1)(e), page 3. My review of Defendant's Motion for Summary Judgment reveals that Plaintiff's deposition testimony was cited no fewer than forty-six times in the supporting brief. The deposition of Rick Pogliano was cited at least fifteen times, and the testimony of Danny Feasel was cited at least twice. In its Opinion and Order Granting Defendant's Motion for Summary Judgment, the court relied upon facts submitted by Defendant through the deposition transcripts of Mr. Abbs, Pogliano and Feasel. For purposes of imposing costs, a deposition may be reasonably necessary if it is used in connection with a successful motion for summary judgment. Kaimowitz v. Howard, 547 F.Supp. 1345, 1352-53 (E.D. Mich. 1982). This is certainly true when the

deposition established important facts relied upon by the court in granting a judgment. Arambide v. Wal-Mart Stores, Inc., 33 Fed.Appx. 199, 2002 WL 531137 (6th Cir. 2002). I am satisfied that Defendant's request for reimbursement of the costs associated with the three depositions listed meets the standard required by the Rule for their recovery.

Plaintiff correctly asserts that the court has discretion with respect to the award or denial of costs to the prevailing party. White and White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir. 1986). The factors employed in the exercise of a court's discretion in overcoming the presumption in favor of a cost award include the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. Id., at 732-33. While the ability of the winning party to pay his own costs is irrelevant, Id. at 730, a court may consider the indigency of the losing party as a factor in favor of denying an award of costs. Jones v. Continental Corp., 789 F.2d 1225, 1233 (6th Cir. 1986).

I find nothing in the record before me to indicate that either party was guilty of bad faith in the prosecution or defense of this action. Nor do I recognize any feature of this case which would render it extraordinarily difficult or complex. I see nothing in the conduct of the Defendant or its counsel to suggest that this court should resist the normal presumption that the prevailing party's costs are recoverable as a matter of course. The Supreme Court's observation that Fed.R.Civ.P. 54(d) provides that costs "*shall* be allowed as of course to the prevailing party unless the court otherwise directs," signals the general proposition that "liability for costs is a normal incident of defeat." Delta Airlines, Inc. v. August, 450 U.S. 346, 352 (1981). I find nothing in the factors which normally counsel the

9

exercise of a court's discretion to suggest that costs should not be awarded in this instance.

It is true that the indigency of the losing party has been recognized as a permissible basis for the exercise of a court's discretion to withhold an award of costs. Badillo v. Central Steel and Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983). Plaintiff, however, has provided little justification for the exercise of such discretion in this instance. Plaintiff did not prosecute this action in forma pauperis. His written submissions report that he has paid more than $5,000.00 in expenses related to his prosecution of this case. He further reports that he secured employment (although at a lower pay rate) within nine months of his discharge by the Defendant. Plaintiff's motion in opposition to the payment of costs appears to have been spurred by the Defendant's pursuit of a garnishment. (Docket Entry #51). While it is normally proper for a court to conduct a hearing on an indigency claim, the mere incantation of the word, unsupported by facts, does not warrant a formal hearing. I find nothing in Plaintiff's unsworn declarations to support even the inference that he is without sufficient assets to pay the reasonable costs of this action. Unquestionably, the award of costs will be a burden and an inconvenience to this Plaintiff. That fact alone, however, does not make out a claim of indigency. Even a prison inmate who prosecutes a civil rights case in forma pauperis is not immune to the taxation of costs in the event of an adverse judgment. Sales v. Marshall, 873 F.2d 115, 120 (6th Cir. 1989).

For all of the above reasons I recommend that Plaintiff's Motion to Set Aside Taxed Bill of Costs be denied.

**III.     NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. Section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                              s/Donald A. Scheer
                              DONALD A. SCHEER
DATED: January 19, 2007      UNITED STATES MAGISTRATE JUDGE

---

**CERTIFICATE OF SERVICE**

I hereby certify on January 19, 2007 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on January 19, 2007. **Walter C. Abbs.**
                              s/Michael E. Lang
                              Deputy Clerk to
                              Magistrate Judge Donald A. Scheer
                              (313) 234-5217