**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER C. ABBS,

    Plaintiff,

v.

CON-WAY CENTRAL EXPRESS, INC., a/k/a
CON-WAY TRANSPORTATION SERVICES,
INC.,

    Defendant.

CIVIL CASE NO. 04-60201
HON. MARIANNE O. BATTANI

_____/

**OPINION AND ORDER ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. INTRODUCTION**

Before the Court is Plaintiff's Objections to Magistrate Judge Donald A. Sheer's January 19, 2007, Report and Recommendation ("R&R") (Doc. # 54). Magistrate Judge Sheer recommends Plaintiff's Motion to Set Aside Taxed Bill of Costs be denied.

Plaintiff initiated this action on September 16, 2004. Plaintiff claimed he was discharged because of his age and because he engaged in a federally protected activity. This Court granted Defendant summary judgment on all of Plaintiff's claims on September 30, 2005. On October 13, 2005, Defendant filed a Verified Bill of Costs. On October 17, 2005, the Clerk of the Court taxed costs against Plaintiff in the amount of $2,677.57. Plaintiff initiated an appeal of this Court's Judgment on October 28, 2005. The Judgment was affirmed by the Sixth Circuit Court of Appeals on October 13, 2006. On December 4, 2006, nearly fourteen months after the taxation of costs by the clerk, Plaintiff filed a Motion to Set Aside Taxed Bill of Costs.

Defendant filed a Response on December 11, 2006, and Plaintiff filed an Objection to the Defendant's Response on December 27, 2006.

Magistrate Judge Sheer recommends that Plaintiff's motion be denied for several reasons. First, Plaintiff did not file his motion for more than thirteen months after the expiration of the five day period for objections provided in the Local Rules and FED. R. CIV. P. 54(d).  He also concluded that Plaintiff's accusations that defense counsel acted improperly in order to increase costs was unsupported.  Likewise, he determined that Plaintiff's arguments directed to the adequacy of the Bill of Costs were untenable because of the widespread use of deposition transcripts in Defendant's motion for summary judgment.  Finally, he determined that Plaintiff's arguments regarding his inability to pay the costs because of indigence were unsupported because he neither prosecuted the suit *in forma pauperis* nor provided any factual support for his alleged indigence.

On January 29, 2007, Plaintiff filed objections to the R&R, contending that the R&R contained several errors.  First, he contends that the deposition subpoenas Defendant served upon him were defective because he lived more than 100 miles from the place of the deposition, and thus, should not be allowed in Defendant's bill of costs.  He also contends that the 90-99% of Defendant's use of the deposition testimony was for discovery, and thus, are not taxable as costs.  He also contends that he should not be taxed for costs because this case was extraordinarily difficult or complex.  Finally, he argues that the Court should exercise its discretion and not allow costs because of his good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs.

II.     **STANDARD OF REVIEW**

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." Id. Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Sec'y of Health & Human Servs., 932 F.2d 505 (6th Cir. 1991), U.S. v. Walters, 638 F.2d 947 (6th Cir. 1981). Likewise, failure to raise an objection with specificity will not preserve all the objections a party might have. Willis v. Sec'y of Health & Human Servs., 931 F.2d 390, 401 (6th Cir. 1991), Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir.1987).

## III.   ANALYSIS

The Magistrate Judge's recommendation is largely premised on the fact that Plaintiff filed this motion over a year late. Plaintiff's only response to that finding is that the motion is timely because it was filed within thirty days of a notice defense counsel sent him that he would be sued if he did not pay the bill of costs. Although the Court has no reason to doubt that Plaintiff filed his motion within thirty days of receiving the letter, that is not the date that triggers the deadline to file an objection to the bill of costs. On October 17, 2005, the Taxation Clerk entered an order taxing costs to Plaintiff in the amount of $2,677.57. In accordance with FED. R. CIV. P. 54(d), which provides for the allowance of costs "as of course" to the prevailing party, the order notified Plaintiff that if he wished to dispute the bill, a motion must be filed within five days of receiving it. Likewise, Rule 54(d) provides that, "[o]n motion served within five days thereafter, the action of the clerk may be reviewed by the court." Plaintiff did not do so until December 4, 2006.

3

Plaintiff's motion cannot be considered timely by any interpretation of the rules. Magistrate Judge Sheer notes in his R&R that Plaintiff complains that his attorney, Donald M. Thinschmidt, failed to inform him of the taxable costs prior to the five day deadline for objections. However, as Magistrate Judge Sheer found, "[i]t is a well established principle of civil procedure that service of pleadings and other papers on a party represented by an attorney is made on the attorney. Fed. R. Civ. P. 5(a)." R&R at 4. Rule 5 specifically requires that "Service under Rules 5(a) and 77(d) on a party represented by an attorney is made on the attorney unless the court orders service on the party." "[T]he remedy for negligence by a party's lawyer is generally a legal malpractice suit or an ineffective assistance of counsel claim, not forcing the opposing party to defend against a stale claim." Whalen v. Randall, 37 Fed. Appx. 113, 120 (6th Cir. 2002)(citing Taliani v. Chrans, 189 F.3d 597, 598 (7th Cir. 1999)). Because Plaintiff's motion is untimely, the Court need not address the remaining allegations in the motion.

## IV.   CONCLUSION

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, and **DENIES** Plaintiff's Motion to Set Aside Taxed Bill of Costs.

**IT IS SO ORDERED.**

                                          s/Marianne O. Battani
                                          MARIANNE O. BATTANI
                                          UNITED STATES DISTRICT JUDGE

DATED: April 3, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt  
DEPUTY CLERK